UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

BEVERLY WHITE,

    Plaintiff

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, BEVERLY WHITE, hereby sues the Defendant and files this Complaint for Damages and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, BEVERLY WHITE, is sui juris and is a resident and citizen of Staten Island, NY.

3. **THE DEFENDANT**. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter referred to as CARNIVAL or Defendant or the cruise line), is a citizen and resident of the foreign nation of Panama, incorporated outside of the state of Florida, in the nation of Panama, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

1

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT**. The incident occurred on August 5, 2017.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel CARNIVAL *Splendor*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred just adjacent to the Pizza Pirate restaurant/buffet stand on the Lido deck of CARNIVAL *Splendor*.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10. **DESCRIPTION OF THE INCIDENT:** The CARNIVAL *Splendor* is a cruise ship which was custom built to the specifications of CARNIVAL and first put into service on July 2, 2008. The *Splendor* has a capacity for 3,006 passengers. Like all of the Carnival Cruise Line ships, the *Splendor* has a Lido Deck, an open deck which is one of the upper most decks of the ship. A large portion of the Lido Deck is open air with access to the ship's swimming pools. CARNIVAL knows that some of its guests exit the pools without drying off and then proceed to use other amenities on the Lido Deck including buffet stations. CARNIVAL knows that guests repeatedly drip and track water onto the floors of the Lido deck, including near the food and drink stations. Therefore, CARNIVAL must monitor, inspect, clean, and warn against the danger presented by the water which accumulates on its Lido deck flooring.

11. Carnival also knows that crewmembers and passengers carry food and drink across the floors of its ships' Lido decks, which often results in spills and the accumulation of wet and greasy conditions on the flooring. As a result, CARNIVAL's Lido deck experiences ongoing and repetitively slick conditions. Additionally, CARNIVAL uses synthetic teak and tile flooring on the Lido deck which CARNIVAL knows becomes dangerously slick when wet. CARNIVAL uses this flooring not only on the Lido deck, but based upon information and belief, on other upper

3

decks of the ship as well. Carnival knows these decking surfaces are dangerously slick when wet through numerous other slip and fall incidents which have occurred prior to White's slip and fall on August 5, 2017.

12. On August 5, 2017, CARNIVAL allowed a large area of water to remain on the floor of its Lido Deck near the Pizza Pirate buffet line for an unreasonably, long period of time. CARNIVAL did not adequately warn passengers, like White, about this large area of water prior to her fall; nor did CARNIVAL clean and dry the floor in a reasonable period of time before White's incident. CARNIVAL's failures to warn White and/or clean, dry, and remedy the area on CARNIVAL's slippery decking surface caused White to slip, fall, and suffer serious injuries, including but not necessarily limited to her left wrist and left knee.

## **COUNT I: NEGLIGENCE**

13. The Plaintiff, BEVERLY WHITE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 12, above.

14. This is an action for negligence. CARNIVAL has a reasonable duty of care under the circumstances to provide and otherwise maintain its floors in a safe condition, especially the floors and walkways on the Lido deck and near its pools, restaurants, and buffet lines. The circumstances are that Carnival owns and/or manages more than twenty (20) cruise ships, including the Carnival *Splendor*. Carnival has a Lido deck on each of its cruise ships—the deck on which the pool and other amenities, like restaurants are located. CARNIVAL knows that this deck and the Lido buffet/cafeteria are extremely high traffic areas. For that reason, CARNIVAL knows that it is extremely important to mop, clean, dry, and otherwise maintain the floors in a safe condition due to the significant amount of passenger traffic. CARNIVAL also knows it must inspect the decks of the ship on a regular basis to prevent slippery and dangerous conditions, especially on its floors in and around pools, restaurants, and food stations on the Lido deck. Therefore, CARNIVAL's

duty of care includes inspecting, properly warning, and cleaning up water and/or spills on the floors in and around food stations, pool decks, and walkways leading into the restaurants on the Lido deck on a regular basis.

15. CARNIVAL knew or should have known of the dangerous, slippery, condition existing on the Lido deck on August 5, 2017 for several reasons.  First, CARNIVAL operates many pools and buffet restaurant facilities onboard the Carnival *Splendor* and its other ships. CARNIVAL knows that passengers frequently traverse between the pool and the restaurant spaces causing water to accumulate and/or food and beverage to spill. CARNIVAL knows that spills or the accumulation of water is a frequent occurrence and results in the build-up of slick conditions on its floors, especially in the high traffic environment of the Lido deck where passengers gather around the vessel's pools and its food and beverage stations. Thus, CARNIVAL knows that if these areas are not regularly inspected, cleaned, and dried, it can result in the accumulation of dangerous, slick conditions on the floor.  Second, CARNIVAL knows that the floor inside/adjacent to Pizza Pirate is a high traffic area where water gathers, or slick conditions occur frequently.  CARNIVAL knows that if it allows water or other liquid to remain on the floor in this area for more than a few minutes slip and falls can and do occur. Third, CARNIVAL knows--from prior similar incidents on the flooring throughout the Lido deck and on the flooring in the vicinity of the Pizza Pirate—that this flooring becomes unreasonably slick when wet and causes people to fall.  Fourth, Carnival cleans and mops the area. From that mopping, Carnival knows that spills and water accumulation occur on a regular basis creating a hazard for anyone traversing in and around the Pizza Pirate buffet station. Because CARNIVAL cleans and mops with greasy, dirty water, the cruise line also knows that any foreign substance on the floor can easily spread if the area is not adequately dried and cordoned off with warning signs visibly posted after cleaning.  Fifth, Carnival often places warning signs on the Lido deck flooring, but not necessarily in the correct place or at the correct time.

CARNIVAL's practice of placing these slip and fall warning signs on the Lido deck, including in the years before White's incident, demonstrates that Carnival knows its Lido deck flooring is dangerously slippery when wet. Sixth, following the fall, a CARNIVAL crewmember/supervisor, dressed in a white uniform, accepted responsibility for the fall. The crewmember admitted it was the cruise line's fault and proceeded to reprimand another CARNIVAL crewmember for failing to clean up the area of water before White's fall.

16. CARNIVAL had actual knowledge of the dangerous condition because CARNIVAL either created the condition or was aware of the condition; and/or (c) CARNIVAL had constructive knowledge of the dangerous condition.

17. CARNIVAL had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed in or adjacent to the Pizza Pirate restaurant and was apparent to any CARNIVAL employee passing by; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care CARNIVAL should have known about it.

18. In the alternative, notice to CARNIVAL is not required because CARNIVAL (a) engaged in and was guilty of negligent maintenance; and/or (b) otherwise committed affirmatively negligent acts or omissions which caused the incident in this case. Therefore, no notice to CARNIVAL is required.

19. CARNIVAL breached its reasonable duty of care under the circumstances by failing to properly clean and dry a wet and slippery walking surface on the Lido deck near the Pizza Pirate buffet station, by allowing the floor to remain in a wet, dangerous, and/or unsafe condition for an

unreasonable, extended period of time; by failing to inspect for wet and slippery conditions on the floor at the Pizza Pirate buffet station, a high traffic area where passengers and staff often spill or drop food and beverages and/or where water drips and accumulates on the surface of the deck; by failing to adequately warn passengers of the slippery and dangerous condition of the subject area, and/or block or cordon it off; by cleaning and mopping with dirty, greasy water which spread the substance on the floor and made it slippery; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to comply with CARNIVAL's own standards on cleaning, warning, and making safe its floors; by failing to comply with industry standards for cleaning and choosing and maintaining its flooring surface, by failing to select, refurbish, alter, or modifying its decking surface which it knew or should have known was unreasonably slippery under the conditions of use, and by failing to otherwise make safe the floor at and/or adjacent to the Pizza Pirate buffet on the Lido deck on August 5, 2017.

20. These breaches of CARNIVAL's reasonable duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On August 5, 2017, CARNIVAL allowed a large area of water to remain on the floor of its Lido Deck near the Pizza Pirate buffet line for an unreasonable long period of time. CARNIVAL did not adequately warn passengers, like White, about this large area of water prior to her fall, nor did CARNIVAL or clean and dry the floor in a reasonable period of time before White's incident. CARNIVAL's failures to warn, clean, dry, and remedy the area, and/or the other failures/breaches described herein, caused White to slip, fall, and suffer serious injuries, including but not necessarily limited to her left wrist and left knee.   These injuries required and continue to require significant medical treatment.

21. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to

7

economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:    *s/ John H. Hickey*
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**CHRISTOPHER B. SMITH, ESQ.**
csmith@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*